IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES ROBERT REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:05-cv-716-JPG |
| | ) | |
| JASON C. GARNET, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court, <u>sua sponte</u>, on the Order to Show Cause issued by this Court on February 12, 2008 (Doc. 35). For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE,** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff, a former inmate in various institutions in the Illinois Department of Corrections, brings this action pro se for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges that the confiscation of the white supremacist materials, which he argues were religious materials of the Christian Identity movement, violated his First Amendment rights to free speech and freedom of religion.

On January 31, 2008, this Court set a telephonic status conference to be held on February 12, 2008 (Doc. 32). Notice of this hearing was sent on February 1, 2008, to Plaintiff's address, 2723 S. Eleanor Street, Chicago, IL 60608, and was not returned as undeliverable. This is the address that Plaintiff supplied to the Court following his release from prison on November 29, 2005 (Doc. 6). Plaintiff also supplied his telephone number as (773) 927-2518.

On February 12, 2008, the Court held the telephonic status conference, where counsel for Defendants appeared, but Plaintiff James Reed did not appear. Defense counsel informed the Court that several attempts to reach Plaintiff by calling the telephone number he provided were unsuccessful because that telephone number was no longer in service. Plaintiff did not contact the Court before or after the schedule conference to explain his absence. Accordingly, the Court issued an Order to Show Cause on February 12, 2008, ordering Plaintiff to show cause, in person, on March 17, 2008, as to why this matter should not be dismissed for failure to prosecute. Notice of this hearing was sent to Plaintiff's address of record on February 13, 2008, and was not returned as undeliverable.

On March 17, 2008, this Court proceeding with the Show Cause hearing. Defense counsel Heidi Hildebrand was present, but Plaintiff James Reed again failed to appear, even though the Court waited approximately twenty-minutes before making a record. During the hearing, defense counsel informed the Court the phone number provided by Plaintiff was still out of service, and that she had contacted the Illinois Department of Corrections and had verified that Plaintiff Reed was not in their custody. Plaintiff has not contacted the Court at any time prior to the date of this order regarding his failure to appear.

### CONCLUSIONS OF LAW

Plaintiff James Reed has been given ample opportunity to prosecute this case. He has failed to comply with the Court's January 31, 2008 Order setting a telephonic status conference (Doc. 32), failed to comply with this Court's Order to Show Cause (Doc. 35), and has failed to file anything whatsoever with this Court since November 29, 2005. It is readily apparent that Plaintiff has failed to timely prosecute this matter and has failed to comply with direct orders of

this Court. Plaintiff has been adequately warned that the failure to participate will result in this Recommendation that his lawsuit be dismissed with prejudice. See Fischer v. Cingular Wireless, LLC, 446 F.3d 665-666 (7th Cir. 2006). Plaintiff has offered no excuse for the failure to prosecute. Therefore, it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the matter be **DISMISSED WITH PREJUDICE** and that the Court adopt the foregoing findings of fact and conclusions of law. The clerk is **DIRECTED** to mail this Report and Recommendation to Plaintiff's address of record and the Federal Correctional Center in Butner, North Carolina.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 17, 2008**

                                                                                                                     s/ *Donald G. Wilkerson*
                                                                                                                      **DONALD G. WILKERSON**
                                                                                                                      **United States Magistrate Judge**